■ BRAND STRUCTURES, INC., Respondent, v MADISON COMPUTER CORP. et al., Appellant. — Order of the Supreme Court, New York County (David Saxe, J.), entered November 23, 1984, which granted plaintiff's motion to add John J. Gerard as an additional party and to assert two causes of action against him, reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied, without prejudice to a further application by plaintiff to Special Term for leave to serve an amended complaint joining Gerard as a party.

Plaintiff, acting through Dearborn Computer Company, one of its divisions, entered into an agreement to lease certain computer equipment to Madison Computer Corp. at a stipulated

rental. Madison was a newly formed corporation with Gerard its president and sole stockholder. Because Madison had no ostensible assets, plaintiff demanded that Gerard guarantee performance of the contract. Gerard refused. However, he offered the guarantee of Simplex Service Systems, of which he was also the president and a 75% stockholder. After a perfunctory credit check, plaintiff accepted Simplex as a guarantor.

Madison made payments under the lease for approximately six months. Despite repeated demands for further payment, such payment was not forthcoming. Accordingly, approximately a year after payment ceased, Dearborn invoked its rights under the lease and repossessed the computer equipment. Initially, suit was commenced against Madison only. Thereafter, by amended complaint, Simplex was joined as a party. That amended complaint alleged three causes of action: the first was against Madison on the debt due under the lease; the second, against Simplex on the guarantee; the third cause sought to pierce the veil between Madison and Simplex, contending that they were in fact one.

Plaintiff sought partial summary judgment against Madison. Simplex cross-moved for summary judgment, contending that Madison and plaintiff had agreed upon certain changes in the equipment furnished to Madison and, at the time of the changes, Dearborn and Gerard, acting on behalf of Madison, executed a mutual release, at which time no additional guarantee was executed by Simplex. By virtue thereof, Simplex contended that it was relieved of its guarantee.

Special Term granted plaintiff's motion while denying the cross motion by Simplex, noting the commonality of officers, directors and shareholders between Madison and Simplex and the regular and substantial commingling of goods and services. Judgment was thereafter entered against Madison.

Apparently, Madison and Simplex are now out of business. No part of the judgment against Madison has been collected. By virtue of the circumstances indicated, plaintiff moved to further amend its complaint to add Gerard as a party defendant and to allege, in separate causes of action, that he is the alter ego of each of these corporations and to pierce the veil of each so as to declare that Gerard and Madison are one and that Gerard and Simplex are one. Special Term granted the motion. We disagree. Accordingly, we reverse.

As to Madison, it is plain that plaintiff did not rely on Madison's credit in its entry into the lease. Indeed, it insisted upon a guarantee. Hence, it cannot contend that it was defrauded or misled by Madison's inability to pay. A somewhat

more complex situation exists with respect to Simplex if the guarantee by Simplex still obtains. Whether the guarantee does continue is a question not before us and which we are not now called upon to determine.

It may be that, at the time Gerard offered Simplex as a guarantor, certain representations were made by him to plaintiff or to Dearborn. None is presented to us. We do not consider plaintiff's pro forma credit check of Simplex to be controlling.

The classic elements of fraud, i.e., misrepresentation, materiality, scienter, reliance and damage, are not alleged. Moreover, there is nothing to show that Gerard misled plaintiff with respect to the creditworthiness of Simplex. Thus, no cause of action is made out for piercing the corporate veil with respect to Simplex. Hence, this cause, too, may be dismissed.

It may be, however, that plaintiff, upon assembling all the facts, can allege a cause of action against Gerard with respect to Simplex which will stand up. If this can be done, we do not desire to preclude it from so doing. Accordingly, our reversal is without prejudice to an application at Special Term to seek to replead the fifth cause of action. Concur — Kupferman, J. P., Carro, Bloom and Rosenberger, JJ.